# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Mardi Lynn Topcik,<br><br>                                   Debtor. | Case No. 19-06016-dd<br><br>Chapter 7<br><br>**ORDER DENYING MOTION FOR RELIEF FROM STAY** |

This matter is before the Court on a motion for relief from stay to pursue litigation for breach of contract and fraud filed by Gerald Hornback on January 28, 2020. The Court held a preliminary hearing on the motion on March 24, 2020 and provided the parties additional time to file briefs regarding the issues. The parties have filed briefs, and the Court denies Mr. Hornback's motion.

## BACKGROUND

Mrs. Topcik filed her chapter 7 bankruptcy case on November 14, 2019. The chapter 7 trustee filed a report of no distribution on December 30, 2019. The deadline for objecting to the debtor's chapter 7 discharge or the dischargeability of any of her debts was February 28, 2020.

Mr. Hornback and Mrs. Topcik were previously married but divorced in 2009. In connection with their divorce proceeding, the parties entered into a Marital Dissolution Agreement (the "Agreement"). With respect to debts, the Agreement provided:

> 5. **DEBTS:** Except as specified herein, each party shall pay all debts and obligations he or she has incurred independently and shall hold the other party harmless therefrom.

The Agreement further provides:

> 18. **BANKRUPTCY:** With respect to each party's responsibility for payment of certain debts and liabilities set forth herein, and their obligation to hold the other harmless for the payment thereof, the parties understand

    and agree that the obligation shall not be able to be discharged as a debt under the Bankruptcy Code Section 523(a)(5), these obligations being part of the final financial support settlement for both parties.  The parties further agree that, notwithstanding the fact that either party may subsequently be discharged under the Bankruptcy Code, the Court in which this divorce action is heard shall continue to have the power to enforce the terms and conditions of this Agreement by such powers or means as the court may deem necessary, and that for this reason, all questions pertaining to the enforcement of the terms and conditions of this Agreement are reserved by the Court and continued under advisement by the Court for such further action as the Court may deem necessary.

  Prior to the filing of Mrs. Topcik's bankruptcy case, Mr. Hornback commenced an action in October 2016 against Mrs. Topcik in the Tennessee state court for breach of contract and fraud. In the state court action, Mr. Hornback alleges that Mrs. Topcik fraudulently obtained student loans to fund her daughter's education, either using his information without his knowledge or by inducing Mr. Hornback to obtain the student loans by promising him she would repay the loans.[1]

  Mr. Hornback seeks relief from stay pursuant to 11 U.S.C. § 362(d)(1), for cause.  In his motion, Mr. Hornback simply states that he is entitled to relief from stay because "there is no doubt" that Mrs. Topcik's actions were fraudulent.  However, in his brief filed on March 30, Mr. Hornback changes his tactic and alleges that he is entitled to relief from stay because the matter is covered by the terms of the parties' Agreement. He alleges, first, that the state court retains jurisdiction over the matter because it involves the enforcement of the terms and conditions of the Agreement.  Mr. Hornback further alleges that any debt owed by Mrs. Topcik to Mr. Hornback as a result of his breach of contract and fraud causes of action is not discharged because the Agreement provides that each party shall be responsible for debts incurred independently, will hold the other party harmless for these debts, and that these obligations are not dischargeable in

---

[1] There are conflicting allegations made in the various pleadings filed in this matter.  While the state court pleadings allege that Mr. Hornback was induced to sign the student loan application by Mrs. Topcik's promise to repay the loans, Mr. Hornback's motion for relief from stay and the memorandum in support of the motion both state that the loan was obtained using his information, without his knowledge.

bankruptcy as domestic support obligations under 11 U.S.C. § 523(a)(5). Mr. Hornback alleges that the student loans were obtained "independently", the debt is a domestic support obligation under the Agreement, and therefore, Mrs. Topcik's chapter 7 discharge does not extend to her debt owed to him.

Mrs. Topcik argues, simply, that Mr. Hornback's motion should be denied because he failed to file an objection to her discharge[2] or the dischargeability of his debt. Accordingly, Mrs. Topcik argues, she is entitled to a discharge of any debt owed to Mr. Hornback.

## ANALYSIS

Mr. Hornback seeks relief from the stay pursuant to 11 U.S.C. § 362(d)(1), for cause. Section 362(d)(1) states:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

The bankruptcy code does not define "cause." *In re Beaumont*, 548 B.R. 437, 441 (Bankr. D.S.C. 2016) (citing *In re Gibson*, 450 B.R. 585, 587 (Bankr. D.S.C. 2011)). "Instead, 'courts must look at the specific facts of the case and the totality of the circumstances in order to determine whether cause to grant relief from stay has been established.'" *Id.*

In considering whether cause has been shown, the court should "balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." *Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345 (4th Cir. 1992). The court should consider the following factors:

---

[2] Mrs. Topcik's objection to the motion for relief from stay focuses on 11 U.S.C. §727 and whether there is a reason pursuant to this section that Mrs. Topcik should not receive her discharge. However, the relevant section here is § 523, and the question is whether the debt owed by Mrs. Topcik to Mr. Hornback, if any, is nondischargeable. Accordingly, the Court will not address §727 further.

3

> (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

*Id.* at 345.

In the present case, considering these factors, cause does not exist to lift the stay. With respect to the first factor, the issues in this case involve matters of federal law. For example, a primary issue in dispute here is whether the debt is dischargeable pursuant to 11 U.S.C. § 523(a)(2), (4),[3] (5), (6), or maybe, (15). This is an issue of bankruptcy law. Thus, the expertise of the bankruptcy court is not unnecessary. As to the second factor, modifying the stay will not promote judicial economy. The issue of nondischargeability under § 523(a)(2) or (6) would have to be decided by this Court. Lifting the stay to allow the state court litigation to go forward on Mr. Hornback's breach of contract and fraud claims could therefore result in duplicative litigation in two forums. Finally, the third factor is not relevant. There will be no impact on the estate unless the debt is determined to be nondischargeable. A consideration of the factors articulated by the Fourth Circuit in *Robbins* results in a conclusion that there is no cause to lift the stay.

Further, cause does not exist for relief from stay because an adversary proceeding was not timely filed to determine the dischargeability of any debt owed by Mrs. Topcik to Mr. Hornback; accordingly, there is no reason for the state court litigation to move forward. 11 U.S.C. § 523 provides narrow exceptions to the dischargeability of particular debts. Three exceptions to discharge, found in § 523(a)(2), (4), and (6) are based on fraud.

---

[3] The allegations asserted in Mr. Hornback's breach of contract and fraud causes of action do not fall within the framework of § 523(a)(4); however, the Court includes reference to it here because it addresses certain types of fraud claims and is subject to the same time limits as causes of action under § 523(a)(2) or (6).

To obtain an order that a debt is not dischargeable in a debtor's bankruptcy under § 523(a)(2), (4), or (6), an adversary proceeding must be filed. 11 U.S.C. § 523(c)(1) states:

> Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

*See also* Fed. R. Bankr. P. 7001(6) (stating that a proceeding to determine the dischargeability of a debt is an adversary proceeding). Federal Rule of Bankruptcy Procedure 4007(c) sets a time limit for a creditor to make such a request, and states that "a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Rule 4007(c) does provide that this time can be extended but requires that a motion asking for an extension of time be filed before the time has expired.

Mr. Hornback did not timely file a complaint objecting to the dischargeability of the debt and did not seek an extension of time to do so. Mrs. Topcik's meeting of creditors was held December 30, 2019. The deadline to file a complaint under Rule 4007 has now passed. Thus, Mrs. Topcik will receive her chapter 7 discharge, and to the extent that there is a debt owed by Mrs. Topcik to Mr. Hornback as a result of fraud, that debt will be discharged. Accordingly, the continuation of the state court action does not serve a purpose, and relief from stay should not be granted to allow it.

In his memorandum in support of his motion for relief from stay, filed after the Court held a hearing on the matter, Mr. Hornback argued for the first time that relief should be granted because any debt owed is in the nature of a domestic support obligation and should be decided by the state court because it retained jurisdiction under the parties' Agreement to decide the issue. Mr.

5

Hornback also argues that Mrs. Topcik previously agreed in the Agreement that debts assumed under the agreement were not dischargeable in bankruptcy, pursuant to 11 U.S.C. § 523(a)(5).

Mr. Hornback is correct that domestic support obligations are nondischargeable in bankruptcy. *See* 11 U.S.C. §§ 523(a)(5), (15).  However, it is not clear that the debt at issue here is a domestic support obligation.[4]  As set forth above, the causes of action Mr. Hornback asserted in the state court action are for breach of contract and fraud.  Thus, if Mr. Hornback contends that the debt is not discharged because it is a domestic support obligation under § 523(a)(5), the provision referenced in the Agreement, a determination must be made whether the debt falls under the terms of the Agreement and is also actually a domestic support obligation.  Such a determination is a matter of federal bankruptcy law. *Long v. West (In the Matter of Long)*, 794 F.2d 928, 930 (4th Cir. 1986); *In re Deberry*, 429 B.R. 532, 538 (Bankr. M.D.N.C. 2010); *In re Sposa*, 31 B.R. 307, 309 (Bankr. E.D. Va. 1983).  Accordingly, the fact that the debt may be a domestic support obligation and thus nondischargeable is not grounds to constitute cause for relief from stay under the *Robbins* factors.

Further, even if the debt does fall under the terms of the Agreement, that in itself does not render the debt nondischargeable.  It is well-settled that a pre-petition waiver of discharge (to the extent that is the effect of the parties' Agreement) is unenforceable.  *See In re Flood*, C/A No. 15-04644-JW, pg. 11 (Bankr. D.S.C. Feb. 18, 2016) (citing numerous cases, stating, "Courts have long established that a contractual agreement that 'attempt[s] to control the outcome of a Bankruptcy Court's determination in a future bankruptcy filing . . . is against public policy since it undermines the fresh start provisions of the Bankruptcy Code'").  The provision in the

---

[4] Determinations of dischargeability of debt other than under § 523(c) may occur in forums other than the bankruptcy court and are not subject to the Rule 4007(c) time constraint.  Those courts must, as discussed below, apply federal law to the decision-making process.

Agreement pursuant to which Mrs. Topcik purported to waive her discharge with respect to any domestic support debt or obligation addressed in the Agreement is not enforceable. Further, the provision does not automatically render any debt owed by Mrs. Topcik to Mr. Hornback as a result of his breach of contract and fraud causes of action nondischargeable by virtue of the "incurred independently" clause of the Agreement; accordingly, Mr. Hornback's argument that an adversary proceeding to determine the dischargeability of the debt is unnecessary fails.

It is noteworthy that Mr. Hornback's original motion merely seeks relief to pursue the existing state court causes of action for breach of contract and fraud, not to pursue any enforcement of the Agreement. It was only after being confronted with the expiration of the deadline to file a complaint seeking a determination of non-dischargeability that Mr. Hornback for the first time, and without reference to any federal law, raised the contention that the debt is in the nature of a domestic support obligation. The motion is denied. The stay remains in effect.

## CONCLUSION

For the reasons set forth above, Mr. Hornback has not established cause for relief from stay. Mr. Hornback's motion for relief from stay is denied.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**05/22/2020**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 05/22/2020